Jennifer R. Murray, OSB #100389
Email: jmurray@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LISA PURCELL**, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TARGET CORPORATION**, a Minnesota corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION ALLEGATION COMPLAINT FOR:**<br><br>1. **Oregon's Unlawful Trade Practices Act ("UTPA") ORS § 646.608** *et seq.*; **and**<br>2. **Negligence**<br><br>CLASS ACTION ALLEGATION<br><br>JURY TRIAL DEMAND |

Plaintiff Lisa Purcell ("Plaintiff") brings this class action against Defendant Target Corporation ("Target"), a Minnesota corporation, and DOES 1-10 (collectively, "Defendant") on behalf of herself and all others similarly situated to obtain damages, restitution and injunctive relief for the Class, as defined, below, from Defendant.  Plaintiff makes the

CLASS ACTION COMPLAINT - 1

following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record:

## I. PARTIES

1. Plaintiff is an individual who resides in this Judicial District.

2. Defendant Target Corporation is a Minnesota corporation headquartered in Minneapolis, Minnesota.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Target's state of citizenship, which is Minnesota.

4. This Court has personal jurisdiction over Target because Target is authorized to do business in the State of Oregon, and operates stores within this Judicial District.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Target resides in this District, the acts and transactions giving rise to this action occurred in this District and because Target is subject to personal jurisdiction in this District.

## III. GENERAL ALLEGATIONS

6. Target is the second-largest discount retailer in the United States and, as of 2013, is ranked 36th on the Fortune 500 list of top US companies, by revenue. Millions of Americans regularly shop at Target stores.

7. Plaintiff is a regular shopper at Target stores, and used her debit card at a Target Store in this Judicial District between November 27 and December 15, 2013, including on December 9, 2013 to buy Christmas-related goods for her family during the holiday season.

CLASS ACTION COMPLAINT - 2

8. The data breach affected approximately 40 million credit and debit cards swiped in U.S. Target stores between November 27 and December 15, 2013.

9. News of the data breach was first published by a blogger (Brian Krebs of http://krebsonsecurity.com/) on or about December 18, 2013, before Target made any attempt whatsoever to notify affected customers.

10. As widely reported by multiple news services on December 19, 2013: "Investigators believe the data was obtained via software installed on machines that customers use to swipe magnetic strips on their cards when paying for merchandise at Target stores." http://www.cbsnews.com/news/target-confirms-massive-credit-debit-card-data-breach/ (last visited December 20, 2013).

11. "The type of data stolen — also known as 'track data' — allows crooks to create counterfeit cards by encoding the information onto any card with a magnetic stripe." http://krebsonsecurity.com/ (last visited December 20, 2013).

12. The thieves may also have accessed PIN numbers for affected customers' debit cards, allowing the thieves to withdraw money from those customers' bank accounts. *Id.*

13. Thieves could not have accessed this information and installed the software on Target's point-of-sale machines but for Target's negligence.

14. Target failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

15. As this news broke, Target finally released a statement concerning the data breach, but not one designed to notify affected customers directly. Rather, Target posted a statement on its corporate website (not on the shopping site regularly accessed by customers)

on December 19, 2013, confirming "that the information involved in this incident included customer name, credit or debit card number, and the card's expiration date and CVV (the three-digit security code)." https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca (last visited December 20, 2013).

16. In its December 19 statement concerning the data breach, Target also claimed to "have identified and resolved the issue," conveying a false sense of security to affected customers. *Id*.

17. On information and belief, Plaintiff's identifying and financial information was disclosed in the data breach.

### IV.  CONSEQUENCES OF DEFENDANT'S CONDUCT

18. The ramifications of Target's failure to keep class members' data secure are severe.

19. The information Target lost, including Plaintiff's identifying information and other financial information, is extremely valuable to thieves.  As the Federal Trade Commission ("FTC") recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."  FTC, Signs of Identity Theft, available at: http://www.consumer.ftc.gov/articles/0271-signs-identity-theft (last visited December 20, 2013).  Identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes.

20. The FTC recommends acting fast to address identity theft because it recognizes that taking action quickly "can stop an identity thief from doing more damages."  FTC, Immediate Steps to Repair Identity Theft, available at:

CLASS ACTION COMPLAINT - 4

http://www.consumer.ftc.gov/articles/0274-immediate-steps-repair-identity-theft (last visited December 20, 2013).  The FTC urges prompt action, stating "If you suspect that someone is misusing your personal information, acting quickly is the best way to limit the damage."  FTC, Signs of Identity Theft, available at: http://www.consumer.ftc.gov/articles/0271-signs-identity-theft (last visited December 20, 2013).  Additionally, the FTC recognizes that recovering from identity theft is a time-consuming task and involves work for the consumer.  *Id*.

21. Identity thieves can use personal information such as that pertaining to the Class, which Target failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims.  For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

22. In addition, identity thieves may get medical services using the Plaintiff's lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

23. Annual monetary losses from identity theft are in the billions of dollars. According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit.  Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.
>
> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity

> theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

The President's Identity Theft Task Force Report at p.21 (Oct. 21, 2008), available at

http://www.idtheft.gov/reports/StrategicPlan.pdf.

24. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, Report to Congressional Requesters, at p.33 (June 2007), available at

http://www.gao.gov/new.items/d07737.pdf.

25. Plaintiff and the Class she seeks to represent now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.

## V. CLASS ACTION ALLEGATIONS

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly situated ("the Class").

The Class that Plaintiff seeks to represent is:

> All persons who used credit or debit cards at Target Corporation stores in Oregon and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013. Excluded from the Class are Defendant; officers, directors, and employees of Defendant; any entity in which Defendant have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant.

CLASS ACTION COMPLAINT - 6

27. Plaintiff meets the requirements of Federal Rules of Civil Procedures 23(a) because the members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the millions.

28. Plaintiff meets the requirements of Federal Rules of Civil Procedures 23(a) because there is a well-defined community of interest among the members of the Class, common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

29. This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate or any questions affecting only individual members, including, but not limited to:

   a. Whether Target unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

   b. Whether Target unreasonably delayed in notifying affected customers of the data breach;

   c. Whether Target failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

   d. Whether Target violated the requirements of ORS § 646A.600;

   e. Whether Target's conduct violated the Oregon Unlawful Trade Practices Act, ORS 646.608, *et seq.*;

   f. Whether Target's conduct was negligent;

g.  Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

30.  Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Target.

31.  Plaintiff will fairly and accurately represent the interests of the Class.

32.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Target and would lead to repetitive adjudication of common questions of law and fact.  Accordingly, class treatment is superior to any other method for adjudicating the controversy.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

33.  Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Target's violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

34.  Target has acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## VI.  FIRST COUNT
**Violation of Oregon's Unlawful Trade Practices Act ("UTPA")**
**ORS § 646.608 *et seq.***

35.  Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

36. The data breach described above constituted a "breach of security" of Target, within the meaning of O.R.S. § 646.602(1)(a).

37. The information lost in the data breach constituted "personal information" within the meaning of ORS § 646.602(11).

38. Target failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

39. Target unreasonably delayed informing anyone about the breach of security of Class Members' confidential and personal information after Target knew the data breach had occurred.

40. Target failed to disclose to Class Members, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, personal Information when they knew or reasonably believed such information had been compromised.

41. Upon information and belief, no law enforcement agency instructed Target that notification to Class Members would impede investigation.

42. Target's failure to implement reasonable security measures, promptly notify Class Members, and otherwise comply with ORS § 646A.600 is an unlawful practice under ORS § 646.607(1)(u) in that Target engaged in unfair and deceptive conduct.

43. Target's failure to safeguard Plaintiff's and Class members' private and financial data constitutes an unfair act because these acts or practices offend public policy as it has been established by statutes, regulations, the common law or otherwise, including, but not limited to, the public policy established by ORS § 646A.600.

44. Target's failure to safeguard Plaintiff's and Class members' private and financial data is unfair because this act or practice (1) causes substantial injury to Plaintiff and Class members; (2) is not outweighed by any countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by consumers.

45. Target's failure to safeguard Plaintiff's and Class members' private and financial data is unfair because this act or practice is immoral, unethical, oppressive and/or unscrupulous.

46. Target's failure to promptly notify Plaintiff and class members of the loss of their data is unfair because these acts or practices offend public policy as it has been established by statutes, regulations, the common law or otherwise, including, but not limited to, the public policy established by ORS § 646A.600.

47. Target's failure to promptly notify Plaintiff and Class members of the loss of their data is unfair because this act or practice (1) causes substantial injury to Plaintiff and Class members; (2) is not outweighed by any countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by consumers.

48. Target's failure to promptly notify Plaintiff and Class members of the loss of their data is unfair because this act or practice is immoral, unethical, oppressive and/or unscrupulous.

49. As a result of Target's violation of ORS § 646.605 *et seq.*, Plaintiff and other Class Members suffered ascertainable loss of money or property, including expenses associated with necessary credit monitoring.

50. Plaintiff, individually and on behalf of the Class, seeks all remedies available under ORS § 646.605, including equitable relief, actual damages, statutory damages pursuant to ORS § 646.638(1) and punitive damages.

51. Plaintiff, individually and on behalf of the Class, also seeks reasonable attorneys' fees and costs under ORS § 646.638(3).

## VII.  SECOND COUNT
### Negligence

52. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

53. Target came into possession of Plaintiff's Private Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

54. Target had a duty to timely disclose that Plaintiff's Private Information within its possession had been compromised.

55. Target had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's Private Information.

56. Target, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff's Private Information within Target's possession.

57. Target, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's Private Information.

58. Target, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class members the fact that their Private Information within their possession had been compromised.

59. Target's negligent and wrongful breach of their duties owed to Plaintiff and the Class proximately caused Plaintiff's and Class members' Private Information to be compromised.

60. Plaintiff seeks the award of actual damages on behalf of the Class.

## VIII.  PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A. For an Order certifying this action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

D. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E. For an award of punitive damages;

F. For an award of costs of suit and attorneys' fees, as allowable by law; and

G. Such other and further relief as this court may deem just and proper.

## IX.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of their claims to the extent authorized by law.

RESPECTFULLY SUBMITTED AND DATED this 4th day of June, 2013.

            By: /s/ Jennifer Rust Murray, OSB #100389
              Jennifer Rust Murray, OSB #100389
              Email: jmurray@tmdwlaw.com
              936 North 34th Street, Suite 300
              Seattle, Washington  98103-8869
              Telephone: (206) 816-6603
              Facsimile: (206) 350-3528

*Attorneys for Plaintiff*